**EBY SHOE CO., Inc., v. UNITED STATES.**
No. K-91.

Court of Claims.
Oct. 20, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The issue presented on the foregoing findings of fact is whether or not the plaintiff's predecessor, the Harry Eby Shoe Company, and the Kiddy Shoe Service, Inc., were affiliated corporations for the years 1920 and 1921 within the meaning of the Revenue Acts of 1918 and 1921.

If they were affiliated corporations for the years in question, the total tax liability of the two companies, determined on the basis of section 240 of the Revenue Acts of 1918 and 1921, amounts to $175.41 for the year 1920 and to $6,586.53 for the year 1921, and the plaintiff has made an overpayment of its taxes for the two years in the sum of $9,500.66.

The applicable provisions of the Revenue Act of 1918 (the provisions of the 1921 act being substantially the same) are as follows:

"Sec. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return. * * *

"(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests." (40 Stat. 1081 and 42 Stat. 260, § 240(a, c).

Neither the plaintiff's predecessor, the Harry Eby Shoe Company, nor the Kiddy Shoe Service Company, owned or controlled any part of the stock of the other during the years in question, and if the two corporations are deemed to be affiliated, it must be because "substantially all their stock is owned or controlled by the same interests."

An examination of the list of stock owners of these corporations discloses that a group of shareholders, who owned stock in both companies during the year 1920, owned 474 out of 484 shares, or 98 per cent. plus, of the stock of the Harry Eby Shoe Company for that year, and owned 770 out of the 1,000 shares of the Kiddy Shoe Service Company, or 77 per cent. of the stock of that company. The same stockholders owned, during the year 1921, 954 shares out of 968 shares of stock, or 98 per cent. plus, of the Harry Eby Shoe Company, and 1,140 shares out of 1,435 shares, or 78 per cent. plus, of the stock of the Kiddy Shoe Service Company.

The 230 shares of stock held by minority stockholders of the Kiddy Shoe Service Company for the year 1920 were owned as follows:

E. N. Eby, father of Harry Eby, the president of both companies, 40 shares.

Elias Eby, brother, 20 shares.

John S. Badorf, uncle, 60 shares.

Paul M. Badorf, cousin, 100 shares.

Elizabeth Holtzhouse and H. E. Holtzhouse, 5 shares each.

The minority stockholders of the Kiddy Shoe Service Company for the year 1921 were:

E. N. Eby, 60 shares.
Elias Eby, 30 shares.
John S. Badorf, 80 shares.
Paul M. Badorf, 110 shares.
Elizabeth Holtzhouse, 10 shares.
E. H. Holtzhouse, 5 shares.

The record further discloses that a group of stockholders closely related by blood or marriage owned a very large per cent. of the stock of both companies. For the year 1920 this family group owned 95 per cent. of the stock of the Kiddy Shoe Service, and 79 per cent. plus of the stock of the Harry Eby Shoe Company. For the year 1921 they owned 97 per cent. plus of the Kiddy Service stock and 79 per cent. plus of the stock of the Harry Eby Shoe Company.

Out of the 16 persons owning stock in the two corporations, 12 are members of this closely related family group. Harry Eby was president of both corporations, and with a single exception all the officers and directors of both corporations were members of the family group.

Under these facts, was substantially all the stock of these two corporations owned or controlled by the same interests within the meaning of the revenue acts of 1918 and 1921? We are of the opinion that such was the case and that the two corporations were affiliated during the years 1920 and 1921.

In Hagerstown Shoe & Legging Co., 1 B. T. A. 666, 672, the board said:

"Are we, in applying this statute, to look at the tabulated statement of stock ownership and, because it there appears that several persons are stockholders of one or the other legal entity and not of both, say that this alone is determinative? We have had occasion in other appeals on other questions to say, and we cannot too often repeat, that all facts must be considered. These problems are not flat mathematical or legalistic puzzles; they are vital, and must be examined in three dimensions with the light of reality. No solution otherwise arrived at could long survive. Here the table of percentages changes its color entirely in the light of the circumstances under which the percentage distribution exists, and, instead of indicating a substantial independent minority, indicates that 'substantially all the stock of two * * * corporations is owned or controlled by the same interests.' "

In Germantown Braid Company, 3 B. T. A. 1336, 1339, the meaning of "the same interests" is further discussed and defined:

"The 'same interests' does not necessarily mean the same individuals. The relationship between the individuals and the facts and circumstances of the case should be considered in determining whether different individuals are in fact the 'same interests.' Family groups owning stock in different corporations, under the circumstances of this case, may fairly be said to be the same interests."

The Board of Tax Appeals has frequently and consistently held that blood relationship is a factor to be taken into consideration in determining whether the shares of stock in different corporations are owned or controlled by the same interests. Wright Cake Co., 2 B. T. A. 58; Gage Hat Works, 7 B. T. A. 1219; Jordan Marsh Co. and Avon Street Trust, 3 B. T. A. 553.

In Highland Land Company, Ltd., 2 B. T. A. 100, it was held that a limited partnership and a corporation were affiliated where two brothers owned 79 per cent. of the stock of one and 98⅔ per cent. of the stock of the other, the remaining 21 per cent. of the former being owned by two sisters and a brother of the majority stockholders.

In Wright Cake Company, supra, two corporations were held to be affiliated where the same person owned 97.06 per cent. in one, 62.5 per cent. in the other, the remaining stock being owned by his wife and son in different proportions.

We believe these decisions of the Board of Tax Appeals correctly interpret the meaning of subsection (b) of section 240 of the revenue act of 1918 and § 240(c) of 1921 as to what constitutes "substantially all the stock of two or more corporations" and what comprises "the same interests." As before stated, identical stockholders during the year 1920 owned 98 per cent. plus of the stock of the Harry Eby Shoe Company, and 77 per cent. of the stock of the Kiddy Shoe Service Company, and for the year 1921 they owned 98 per cent. of the stock in the Harry Eby Shoe Company and 78 per cent. plus of the stock of the Kiddy Shoe Service Company, and during the same years the closely related family group owned 95 per cent. and 91 per cent. of the stock of the Kiddy Shoe Service Company and 79 per cent. of the stock of the Harry Eby Shoe Company.

These facts, taken into consideration with the further fact, fully disclosed by the findings, that the two companies during the years in question were practically operated as one business unit with the apparent consent of the stockholders of both companies, unquestionably show that substantially all the stock of both corporations was owned and controlled by the same interests.

The plaintiff, having within the time provided by law filed its claim for a refund of the additional taxes paid on January 5, 1927, and the interest thereon paid on January 21, 1927, is entitled to a judgment for the amounts so paid with interest as provided by the statute.

Judgment for $9,500.66 is hereby awarded. It is so ordered.